IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALCOLM X BLAKEMORE,         ) | |
| No. K59411,                              ) | |
|                                                   ) | |
|             **Plaintiff,**                 ) | |
|                                                   ) | |
|       vs.                                      ) | Case No. 13-cv-01083-JPG |
|                                                   ) | |
| S.A. GODINEZ,                         ) | |
| TY BATES,                                ) | |
| MARC HODGE, and                ) | |
| MARK STORM,                        ) | |
|                                                   ) | |
|             **Defendants.**            ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Malcolm X Blakemore, an inmate in Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of confinement while he was housed at Lawrence Correctional Center ("Lawrence") between May 2011 and February 2013.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the six-sentence Statement of Claim in the complaint, Illinois Department of Corrections ("IDOC") Director S.A. Godinez, Deputy Director Ty Bates, Lawrence Warden Marc Hodge, and Assistant Warden of Operations Mark Storm violated Plaintiff's "Fourteenth Amendment right" by running Lawrence as a maximum security institution, when it is supposed to be a medium security facility. Plaintiff asserts that he was not afforded the same (unspecified) privileges and amenities as inmates at other medium security prisons. Each defendant was

purportedly notified of this disparity via the grievance process and written letters. Plaintiff seeks "the maximum amount of money" to which he is entitled.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations in the *pro se* complaint into a single count.

> **Count 1: Defendants Godinez, Bates, Hodge and Storm violated Plaintiff's Fourteenth Amendment right to equal protection by running Lawrence Correctional Center as a maximum security institution, when it is designated as a medium security institution.**

### Discussion

Federal Rule of Civil Procedure 8 only requires "notice pleading," as opposed to "fact pleading." Nevertheless, in *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit cautioned that courts should not accept as adequate conclusory legal statements. Focusing on the Fourteenth Amendment claim, the complaint offers only a conclusory assertion without sufficient factual underpinnings to permit Defendants to assess the claim and formulate a meaningful answer. Such a pleading error can usually be corrected by dismissing the complaint without prejudice and granting leave to amend. However, the complaint is fatally flawed in other respects.

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The four defendants are sued only because of their administrative positions, not for their personal involvement (*see* Doc. 1, pp. 1-3, 6). Plaintiff is clearly relying upon the *respondeat superior* doctrine.

Merely knowing about a constitutional violation and failing to cure it is generally insufficient; only persons who cause or participate in the violations are responsible. *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006), *overruled on other grounds, Hill v. Tangherlini,* 724 F.3d 965, 967 n. 1 (7th Cir. 2013). Similarly, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [alleged constitutional] violation." *George v. Smith*, 506 F.3d 605, 609 (7th Cir. 2007).

Plaintiff's equal protection claim fails on the merits for similar reasons. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). The compliant does not suggest Plaintiff (or the inmates at Lawrence) was intentionally singled out for disparate treatment.

Plaintiff implies that that the amenities and privileges at Lawrence should exactly mirror other medium security facilities. That is simply incorrect. "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Accordingly, there is no guarantee that Plaintiff will receive the exact

same privileges as an inmate at any other state facility, regardless of what "level" that institution has been classified. A prison does not cross the line to an equal protection violation merely by having different rules than its counterpart institutions.

Additionally, "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Regardless of any disparity in confinement conditions between prisons, Plaintiff does not have any constitutional right to select the institution where he will serve his sentence.

For these reasons, the complaint will be dismissed with prejudice. Dismissal shall count as one of Plaintiff's strikes under 28 U.S.C. § 1915(g), as he has failed to state a claim upon which relief can be granted.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted; therefore, Defendants **S.A. GODINEZ**, **TY BATES**, **MARC HODGE** and **MARK STORM** are **DISMISSED** with prejudice. Plaintiff shall be assessed a **STRIKE** under 28 U.S.C. § 1915(g). Judgment shall enter accordingly. This case is closed and Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: November 18, 2013

             *s/ J. Phil Gilbert*
             **United States District Judge**